UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LARRY HUNTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | |
| METROPOLITAN GOVERNMENT OF ) | |
| NASHVILLE AND DAVIDSON ) | JURY DEMAND |
| COUNTY TENNESSEE, ) | |
| ) | |
| Defendant. ) | |

# COMPLAINT

Plaintiff Larry Hunter states the following for his cause of action against defendant Metropolitan Government of Nashville and Davidson County, Tennessee:

## THE PARTIES

1. Plaintiff Larry Hunter is a resident of Nashville, Davidson County, Tennessee.

2. Defendant Metropolitan Government of Nashville and Davidson County, Tennessee is a Tennessee municipal corporation and is an "employer" as defined in the Americans with Disabilities Act as amended by the ADA Amendments Act (ADAAA), 42 U.S.C. §12111(5).

## JURISDICTION AND VENUE

3. This action is brought under the Americans with Disabilities Act as amended by the ADA Amendments Act (ADAAA), 42 U.S.C. §§12101 *et seq.*

4. This Court has jurisdiction of plaintiff's ADAAA claim under 28 U.S.C. §1331 because that claim is a civil action arising under the laws of the United States. This Court also has jurisdiction of plaintiff's ADAAA claim under 28 U.S.C. §1343(a)(4) because it is an action to recover damages or to secure equitable or other relief under an Act of Congress providing for the protection of civil rights.

5. Venue is appropriate in the Middle District of Tennessee under 28 U.S.C. §1391(b) because defendant is deemed to reside in this district under 28 U.S.C. §1391(c) and because the events giving rise to plaintiff's claims occurred in this district.

6. All conditions precedent to plaintiff's claim under the ADA have been satisfied. Following his termination, plaintiff timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission (EEOC). The EEOC issued a Notice of Right to Sue on June 11, 2012. Plaintiff's claims are brought within 90 days of the date of his receipt of the Notice of Right to Sue.

## FACTUAL ALLEGATIONS

7. Plaintiff was employed by the defendant Metropolitan Government of Nashville and Davidson County as a full time employee of the Tennessee State Fair, which is a department or unit of the Metropolitan Government of Nashville and Davidson County, Tennessee, from March 25, 2009 until he was terminated on April 11, 2011.

8. When he was terminated by defendant, plaintiff was employed by defendant in the job classification of Maintenance and Repair 1.

9. In February 2012, plaintiff suffered an injury to his shoulder while working for defendant. This injury resulted in plaintiff's having restrictions placed on his activities by his treating physician.

10. Following this injury, defendant provided restructured or modified "light duty" work duties for plaintiff, which allowed him to continue to work despite his restrictions.

11. While plaintiff was on light duty, his supervisor, David Lewis, made comments to plaintiff evidencing Lewis's hostility towards plaintiff because of his medical condition and because he was on light duty, and Lewis's discontent with defendant's having to accommodate plaintiff's disability. For example, Lewis critically asked plaintiff on more than one occasion about how long plaintiff would be on light duty, and when he would be able to return to full duty. Lewis

questioned the validity and seriousness of plaintiff's injury and the restrictions imposed by plaintiff's physician.

12. On April 6, 2011, plaintiff was assigned to operate a weedeater at work. Plaintiff believed that this work was in violation of the restrictions imposed by plaintiff's physician, but plaintiff attempted to perform the work assigned anyway. However, plaintiff experienced significant pain in his shoulder, so he went to see David Lewis to discuss the matter.

13. When plaintiff attempted to discuss his concerns about the weedeater assignment with Lewis and told Lewis that the work violated his restrictions, Lewis was dismissive of plaintiff's concerns and kept repeating that he "didn't understand" why plaintiff could not perform the work. Lewis's comments demonstrated his hostility towards plaintiff because of plaintiff's medical condition and his refusal to engage in an interactive process with plaintiff regarding plaintiff's request and need for a reasonable accommodation. Lewis became angry at plaintiff because plaintiff had initiated a discussion about plaintiff's ability to perform the work assigned in light of his medical condition, and Lewis made unfounded and unjustified accusations about plaintiff. Later that same day, the Executive Director of the State Fair, Buck Dozier, called plaintiff a "goldbrick," which was a direct and disparaging reference to plaintiff's being on light duty as an accommodation for his injury and medical condition.

14. Plaintiff's next work day was April 11, 2011. On that day, defendant terminated plaintiff's employment. Defendant asserted that the reason for plaintiff's termination was that it was laying off one employee from plaintiff's job classification and plaintiff was selected for layoff because he was the employee with the least seniority in that job classification. This asserted reason for plaintiff's selection for layoff was false and not the true reason for plaintiff's selection, and was asserted as a pretext to disguise defendant's true, unlawful, motive for selecting plaintiff for layoff.

## LIABILITY UNDER THE ADA AMENDMENTS ACT

15. Plaintiff adopts and incorporates by reference the allegations contained in Paragraphs 1-14 of this Complaint.

16. Plaintiff's medical condition as described above in Paragraph 9 was an impairment that substantially limited plaintiff in one or more of his major life activities and therefore constituted a disability under the ADA, as amended, 42 U.S.C. §12102(2). In the alternative, plaintiff was a person with a disability under 42 U.S.C. §12102(2) because defendant regarded plaintiff as having a substantially limiting impairment, as defined at 42 U.S.C. §12102(3).

17. When defendant made the decision to terminate plaintiff, plaintiff was a qualified individual as defined in 42 U.S.C. §12111(8) because plaintiff had the requisite skill, experience, education and other job-related requirements of her job,

and, with or without reasonable accommodation, could perform the essential functions of such position..

18. Defendant's restructuring or modifying plaintiff's job to provide "light duty" work duties for plaintiff, which allowed him to continue to work despite his restrictions, was a reasonable accommodation for plaintiff's disability, as defined by the ADAAA, 42 U.S.C. §12111(9).

19. Defendant selected plaintiff for layoff and therefore terminated plaintiff's employment on the basis of plaintiff's disability or because it regarded plaintiff as having a substantially limiting impairment as defined at 42 U.S.C. §12102(3)(a), and/or because of its obligation to provide or continue to provide plaintiff with a reasonable accommodation for his disability. Defendant therefore unlawfully discriminated against plaintiff in violation of the ADAAA, 42 U.S.C. §12112(a).

20. As a result of defendant's violation of the ADAAA, plaintiff has suffered a loss of earnings, wages, seniority, and benefits, a loss of earning capacity, a loss of future earnings, a loss of enjoyment of life, embarrassment, humiliation, emotional distress and related damages.

## Prayer For Relief

Based on the allegations of this complaint, plaintiff prays for the following relief:

1. For judgment against defendant for lost wages, compensation and other employment benefits caused by defendant's unlawful actions;

2. For reinstatement with full accrued benefits, or judgment against defendant for front pay in lieu of reinstatement;

3. For judgment against defendant for compensatory damages in an amount to be determined by a jury;

4. For pre-judgment and post-judgment interest;

5. For appropriate injunctive relief requiring defendant to cease and desist from violating the ADAAA as described above, and requiring defendant to remove records related to plaintiff's termination from plaintiff's employee file;

6. For reasonable attorney's fees, expert witness fees, litigation expenses and costs in accordance with applicable law, including 42 U.S.C. §12205 and 42 U.S.C. §1988(b);

7. For such other general or equitable relief as plaintiff may be entitled to under the premises.

PLAINTIFF DEMANDS A JURY TO TRY THIS CASE.

*Wade B. Cowan*

Wade B. Cowan (S.C. #9403)
Suite 225
150 Second Avenue North
Nashville, Tennessee 37201
(615) 256-8125
wcowan@dhhrplc.com
Counsel for plaintiff, Larry Hunter