IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LARRY HUNTER | ) |
| | ) |
| v. | ) NO. 3-12-0916 |
| | ) JUDGE CAMPBELL |
| METROPOLITAN GOVERNMENT | ) |
| OF NASHVILLE AND DAVIDSON | ) |
| COUNTY, TENNESSEE | ) |

ORDER

Pending before the Court are a Report and Recommendation of the Magistrate Judge (Docket No. 39), Defendant's Objections (Docket No. 40), and Plaintiff's Response to Objections (Docket No. 41).

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(3) and Local Rule 72.03(b)(3), the Court has reviewed *de novo* the Report and Recommendation, the Objections, the Response, and the file. The Objections of the Defendant are overruled, and the Report and Recommendation is adopted and approved.

The Magistrate Judge correctly found that the reasonable and proper category of comparable employees are the other four employees who were in the Maintenance I category at the Fairgrounds. The Plaintiff is not required to demonstrate an exact correlation between himself and the proposed comparators. *Bobo v. United Parcel Serv., Inc.*, 665 F.3d 741, 751 (6th Cir. 2012).

Moreover, because this is a work force reduction case, the fifth element of Plaintiff's *prima facie* case requires the Plaintiff to show additional direct, circumstantial or statistical evidence tending to indicate that Defendant singled out Plaintiff for discharge for impermissible reasons. *Geiger v. Tower Automotive*, 579 F.3d 614, 623 (6th Cir. 2009). The Magistrate Judge found,

viewing the evidence in the light most favorable to Plaintiff (as she is required to do), that additional evidence was presented that Mr. Dozier, who was the ultimate decision maker, made comments to a former Fairgrounds worker that Plaintiff was selected to lose his job because he was lazy and didn't do a lot of work; that his position would not need to be filled because he wouldn't be missed. Whether Dozier actually made these comments and what he meant at least raise genuine issues of material fact as to his motivation for selecting Plaintiff. Those issues cannot be determined on summary judgment.

Finally, there are genuine issues of material fact as to whether Defendant's decision to fire Plaintiff came immediately after his suspension. There is conflicting testimony as to when the decision to select Plaintiff as the one person to be fired occurred. A jury will have to determine the credibility of the witnesses and decide.

Accordingly, Defendant's Motion for Summary Judgment (Docket No. 20) is GRANTED in part and DENIED in part. Plaintiff's claim for monetary damages beyond March 7, 2013, is DISMISSED. The remaining American with Disabilities Amendments Act ("ADAAA") claim remains set for trial on December 16, 2014.

IT IS SO ORDERED.

                                                                       TODD J. CAMPBELL
                                                                       UNITED STATES DISTRICT JUDGE