| | |
|---|---|
| LARRY HUNTER, ) | |
| ) | No. 3:12-CV-916 |
| Plaintiff, ) | |
| ) | Judge Campbell |
| v. ) | |
| ) | Magistrate Judge Griffin |
| METROPOLITAN GOVERNMENT ) | |
| OF NASHVILLE, ) | |
| ) | |
| Defendant. ) | |

### MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE REGARDING METROPOLITAN GOVERNMENT HUMAN RESOURCES POLICIES AND METROPOLITAN GOVERNMENT CIVIL SERVICE RULES AND MEMORANDUM OF LAW IN SUPPORT[1]

Defendant moves to prohibit Plaintiff Larry Hunter ("Hunter") from attempting to elicit testimony or present evidence regarding the policies of the Metropolitan Government Human Resources Department or the policies that pertain to Metropolitan Government civil service positions. These policies and procedures, including but not limited to the manner in which layoffs are to be conducted for civil service positions, do not apply to the Tennessee State Fairgrounds/Nashville Expo Center ("Fairgrounds"), the hiring department at issue in this case. Thus, any evidence regarding inapplicable policies would be irrelevant and likely serve only to confuse the jury. *See* Fed. R. Evid. 401-403.

David Sinor, a Metro HR employee who serves as a liaison between Metro HR and several Metro Departments, has testified regarding whether non-civil service departments such as the Fairgrounds are required to follow Metro HR policies and civil service rules:

---

[1] For the sake of efficiency, the Metro Government requests the right to file this motion in *limine* and memorandum of law in support in the same document.

1

| | |
|---|---|
| Q | Are there Metro HR policies that are generally applicable to all Metro employees whether or not they're civil service? |
| A | We try to hold departments to accrual rates of vacation, sick leave, you know, jointly with finance department to enforce that, but otherwise non civil service departments, you know, can choose to follow or not. |
| Q | Can choose to follow what? |
| A | Civil service rules. |
| Q | Okay. And if they don't follow civil service rules, what rules do they follow, if any? |
| A | Some of them have departmental rules. Some of them don't have anything in writing. |
| Q | All right. Let's say you have non civil service employees, but you don't have any written rules, what rules would be applied under those circumstances, if any? |
| A | Well, it would really be up to the appointing authority to set the rules. |

Deposition of David Sinor ("Sinor Depo."), Doc. No. 20-4, PAGE ID# 118-123.

In this case, it is undisputed that the Fairgrounds is a non-civil service department that does not employ Metro "civil service" employees. Declaration of Kristi Harris, Doc. No. 24, at ¶ 6. Accordingly, any civil service or Metropolitan Government HR policies regarding permanent vs. probationary hire dates, seniority, and/or layoff procedures would not apply to the Fairgrounds. The Fairgrounds would be free to promulgate its own policies in that regard or, as David Sinor testified, to not develop its own written rules at all. Because Metro HR has no authority to impose its policies or the civil service rules on the Fairgrounds, Defendant moves to exclude any evidence related to Metro HR policies and civil service rules.

2

Respectfully submitted,

THE DEPARTMENT OF LAW OF THE
METROPOLITAN GOVERNMENT OF
NASHVILLE AND DAVIDSON COUNTY
SAUL SOLOMON (#11689)
DIRECTOR OF LAW


/s/Keli J. Oliver
Keli J. Oliver (#21023)
Derrick C. Smith (#13961)
R. Alex Dickerson (27184)
Assistant Metropolitan Attorneys
108 Metropolitan Courthouse
P.O. Box 196300
Nashville, Tennessee 37219

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the forgoing has been served electronically to Wade Cowan, 85 White Bridge Road, Suite 300, Nashville, Tennessee 37205, on this the 21st day of November, 2014.

/s/ Keli J. Oliver
Keli J. Oliver

3