UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| LARRY HUNTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:12-CV-916 |
| | ) | |
| METROPOLITAN GOVERNMENT OF | ) | JUDGE ASPEN |
| NASHVILLE AND DAVIDSON | ) | MAG. JUDGE GRIFFIN |
| COUNTY TENNESSEE, | ) | |
| | ) | JURY DEMAND |
| Defendant. | ) | |

# PLAINTIFF'S PROPOSED SPECIAL JURY INSTRUCTIONS

s/ Wade B. Cowan
Wade B. Cowan (#9403)
Suite 300
185 White Bridge Road
Nashville, Tennessee 37205
(615) 256-8125
wcowan@dhhrplc.com
Attorney for plaintiff

# PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 1

## LEGITIMATE, NON-DISCRIMINATORY OR NON-RETALIATORY REASON AND PRETEXT

In evaluating Plaintiff's claims, you must consider any legitimate, non-discriminatory reason asserted by Defendant for its decision to select Plaintiff for layoff on April 11, 2011. If you determine that Defendant has asserted such a reason, then you must consider whether Plaintiff has established by a preponderance of the evidence that the asserted reason was not the true reason for Defendant's decision but was only a pretext or excuse for hiding a discriminatory motive.

You may draw an inference of discrimination from evidence that the defendant's proffered reason was not the real reason it selected Plaintiff for layoff on April 11, 2011, but rather was pretext for discrimination.[1] You may find pretext from evidence that the defendant's stated reason for selecting Plaintiff for layoff on April 11, 2011 (1) had no basis in fact; (2) did not actually motivate the decision; or (3) was insufficient to motivate the decision.[2] In other words, you may find that the defendant intentionally discriminated against Plaintiff if you find that it is more likely than not that the reason offered by the defendant was not the true reason for selecting Plaintiff for layoff on April 11, 2011 or if you find that the defendant's

---

[1]    *Reeves v. Sanderson Plumbing Prods.,* 530 U.S. 133, 147-48 (2000).
[2]    *Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1084 (6th Cir. 1994).

explanation is not credible or believable.[3] You may infer the ultimate fact of discrimination from the falsity of Defendant's explanation.[4] You are entitled to consider a party's dishonesty about a material fact as evidence of guilt.[5] Proof that the defendant's explanation is not credible is simply one form of circumstantial evidence that may show intentional discrimination.[6]

---

[3] *Texas Dept. of Comm. Affairs v. Burdine*, 450 U.S. 248, 255 (1981).
[4] *Reeves*, 530 U.S. at 147.
[5] *Id.*
[6] *Id.*

# PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 2

## **PROVING PRETEXT**

Pretext may be proved in any of several ways. For example, an employer's changing rationale for making an adverse employment decision can be evidence of pretext.[7] Evidence of a short temporal proximity between the challenged employment action and Plaintiff's protected conduct, which in this case was Plaintiff's continued need for a reasonable accommodation of restricted work duties, can be probative of whether a discriminatory animus existed.[8]

If you find that Defendant's asserted reason for selecting Plaintiff for layoff on April 11, 2011 is inconsistent, implausible, or not worthy of belief, then you may conclude that Defendant's explanation is a mere pretext, excuse, sham, or cover-up for discrimination. In other words, if you find that Defendant's offered reason is a pretext, the law allows you to infer that Defendant had a discriminatory motive, and you may find for Plaintiff for this reason alone, although you are not required to do so.

**Authority:** *Dews v. A. B. Dick Co.*, 231 F.3d 1016, 1021 (6th Cir. 2000); *Manzer v. Diamond Shamrock Chemicals Co.*, 29 F.3d 1078, 1084 (6th Cir. 1994); *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147-148, 120 S.Ct. 2097, 2109, 147 L.Ed.2d 105 (2000); American Bar

---

[7] *Cicero v. Borg-Warner Auto., Inc.,* 280 F.3d 579, 592 (6th Cir. 2002).
[8] *Bryson v. Regis Corp.,* 498 F.3d 561, 577 (6th Cir. 2007); *DeBoer v. Musashi Auto Parts, Inc.,* 124 Fed. Appx. 387, 393 (6th Cir. 2005) and *DiCarlo v. Potter,* 358 F.3d 408, 421 (6th Cir. 2004); Report and Recommendation [Doc. No. 39] at p. 15.

Association, *Model Jury Instructions: Employment Litigation* § 102[3][a] (2nd ed. 2005) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148, 151, 120 S.Ct. 2097, 2109, 147 L.Ed.2d 105 (*2000Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 255 (1981); O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions – Civil,* Vol. 3C §§ 170.21, 170.22 (5th ed. 2001); *Tisdale v. Fed. Ex. Corp.*, 415 F.3d 516, 529 (6th Cir. 2005); *Johnson v. The Kroger Co.*, 319 F.3d 858, 866 (6th Cir. 2003); *Hopson v. DamilerChrysler Corp.*, 306 F.3d 427, 434, n. 4 (6th Cir. 2002); *Kline v. TVA*, 128 F.3d 337, 345-48 (6th Cir. 1997) ("[t]he Supreme Court determined that upon rejection of the reasons offered by the defendant an inference of discrimination is permitted and no additional proof of discrimination is required. This is a clear rejection of the 'pretext plus' requirement."); *Report and Recommendation* [Doc. No. 39], at p. 15, citing *Cicero v. Borg-Warner Auto., Inc.,* 280 F.3d 579, 592 (6th Cir. 2002) and *Bryson v. Regis Corp.,* 498 F.3d 561, 577 (6th Cir. 2007) and *DeBoer v. Musashi Auto Parts, Inc.,* 124 Fed. Appx. 387, 393 (6th Cir. 2005) and *DiCarlo v. Potter,* 358 F.3d 408, 421 (6th Cir. 2004).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 3

## REASONABLENESS OF EMPLOYER'S BELIEF

The reasonableness of an employer's decision is relevant to determining whether its stated reason is its actual motivation. In evaluating the employer's explanations for its employment actions, you should inquire into whether the employer made a reasonably informed and considered decision before taking its adverse employment actions. A plaintiff may show pretext with evidence that the employer's asserted business decision was so ridden with error that it could not honestly have relied upon it. The more idiosyncratic or questionable the employer's reason, the more likely it is to be a pretext for discrimination. Thus, an inference of discriminatory motive may be drawn from an employer's decision that is so lacking in merit that it calls into question its genuineness.

**Source:** *Wexler v. White's Fine Furniture*, 317 F.3d 564, 576-77 (6th Cir. 2003).

# PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 4

## REQUEST FOR A REASONABLE ACCOMMODATION AND INTERACTIVE PROCESS

The interactive process is triggered by a request for an accommodation by a disabled employee or by the employer's recognition of the need for such an accommodation.[9] It is generally the responsibility of the individual with a disability to inform the employer that an accommodation is needed.[10] In order to request a reasonable accommodation, an employee need only inform the employer of a need for an adjustment due to a medical condition using plain English and need not mention the ADA or use the phrase reasonable accommodation.[11] The law does not impose any particular form that an employee's request for an accommodation must take, and it does not require that any talismanic language be used in a request for reasonable accommodation.[12] What matters under the ADA are not formalisms about the manner of the request, but whether the employee … provides the employer with enough information that, under the circumstances, the employer can be fairly said to have known of both the disability and desire for an accommodation.[13]

---

[9] *Barnett v. US Air, Inc.*, 228 F.3d 1105, 1112 (9th Cir. 2000), *rev'd on other grounds in US Airways, Inc. v. Barnett*, 535 U.S. 391, 122 S. Ct. 1516, 152 L. Ed. 2d 589 (2002).

[10] 29 C.F.R. pt. 1630 App. §1630.9, quoted in *White v. Honda of America Mfg., Inc.*, 191 F.Supp.2d 933, 949 (S.D. Ohio 2002).

[11] *Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1112 (9th Cir. 2000) (en banc), *judgment vacated on other grounds*, 535 U.S. 391, 122 S. Ct. 1516, 152 L. Ed. 2d 589 (2002). (internal quotation marks omitted).

[12] *White v. Honda of America Mfg., Inc.*, 191 F.Supp.2d at 950; *Taylor v. Phoenixville School District*, 184 F.3d 296, 313 (3d Cir. 1999).

[13] *Taylor v. Phoenixville School District*, 184 F.3d 296, 313 (3d Cir. 1999).

# PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 5

## HONEST BELIEF[14]

To avoid a finding that Defendant's claimed nondiscriminatory reason was pretextual, the Defendant must have established its reasonable reliance on the particularized facts that were before it when the decision was made. In determining whether Defendant reasonably relied on the particularized facts then before it, it is not required that the decisional process used by the Defendant be optimal or that it left no stone unturned. Rather, the key inquiry is whether the Defendant made a reasonably informed and considered decision before taking an adverse employment action. You should not blindly assume that Defendant's description of its reasons is honest. Therefore, if you find that Plaintiff has produced sufficient evidence to establish that Defendant failed to make a reasonably informed and considered decision before taking its adverse employment action, thereby making its decisional process unworthy of credence, then any reliance placed by the Defendant in such a process cannot be said to be honestly held.[15]

---

[14] Plaintiff objects to a jury instruction on the honest belief rule. However, if the Court rules that an honest belief instruction is proper, then plaintiff submits this instruction to be included in the charge.

[15] *Wright v. Murray Guard, Inc.*, 455 F.3d 702, 708 (6th Cir.2006); *Smith v. Chrysler Corp.*, 155 F.3d 799, 806-807 (6th Cir. 1998).

Respectfully submitted,

_____
Wade B. Cowan (SC #9403)
Suite 300
85 White Bridge Road
Nashville, Tennessee 37205
Telephone: (615) 256-8125
wcowan@dhhrplc.com
Attorney for the Plaintiff.

### CERTIFICATE OF SERVICE

I certify that on December 19, 2014, a copy of this document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to:

Keli J. Oliver
Melissa Roberge
Assistant Metropolitan Attorneys
108 Metro Courthouse
P.O. Box 196300
Nashville, TN 37219
*Attorneys for Defendant*

_____
Wade B. Cowan